PENN MUTUAL LIFE INSURANCE COMPANY *v.* MILTON.

1. If a policy of life insurance is capable of two constructions, that interpretation will be placed upon it which is most favorable to the insured.

2. The word "permanent" does not always mean forever or lasting forever, but its meaning is to be construed according to its nature and in its relation to the subject-matter of the contract.

3. Where provisions of a policy of life insurance provide that if the insured, after one year's premium shall have been paid and before default in the payment of any subsequent premium, shall furnish to the company due proof that, prior to the maturity of the policy and before attaining the age of sixty, he has become wholly disabled by bodily injury or disease, so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously

for not less than sixty days prior to the furnishing of proof, the company will waive the payment of the premiums which may thereafter become due under the policy during the continuance of such total disability, and will pay to the insured each month fifty dollars, the first monthly payment to be made six months after receipt of due proof of the said total disability, during the continuance of such total disability of the insured and prior to the maturity of the policy, a disability which has lasted for sixteen months and from which the insured has recovered is a permanent disability within the meaning of the provisions of the policy.

No. 4659. MARCH 12, 1925.

The Court of Appeals (in Case No. 15847) requested instruction from the Supreme Court upon the following questions, a determination of which is necessary to a decision of this case:

1. Where a policy of insurance, providing for the payment of a sum of money at the death of the insured, contained the following provisions for "benefits" to the insured during his lifetime: "Total and permanent disability benefits, waiver of premium— annuity payment. If after one year's premium shall have been paid on this policy, and before default in the payment of any subsequent premium, the insured shall furnish to the company due proof that, prior to the maturity of this policy and before attaining the age of sixty, he has become wholly disabled by bodily injury or disease, so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the company will grant the following benefits: a. Waiver of premium.—The company by endorsement hereon shall waive the payment of the premiums which thereafter may become due under this policy during the continuance of the said total disability of the insured. In making any settlement under this policy the company shall not deduct any part of the premiums so waived, and the nonforfeiture values of this policy shall increase from year to year in the same manner as though any premium waived under this provision had been paid in cash. b. Annuity payment.—Furthermore, the company will pay to the insured each month fifty dollars, being a sum equal to one per cent. of the face of this policy, the first monthly payment to be made six months after receipt of due proof of the said total disability accompanied by this policy for endorsement, and subsequent

payments monthly thereafter during the continuance of said total disability of the insured and prior to the maturity of this policy. The amount payable at the maturity of this policy shall not be reduced by any payments under this disability provision,"—could a disability which had lasted for only sixteen months, and from which the insured then recovered, be a "permanent disability" within the meaning of these clauses of the policy?

2.   Could a total disability, which during the continuance thereof was of such a character that a recovery therefrom was not probable, or that it might have been reasonably presumed that it would continue indefinitely, but which disability lasted for only sixteen months, the insured having then in fact recovered, be thereafter said to have been a "permanent disability" within the meaning of the above-quoted clauses of the policy?

3.   If either of the preceding questions should be answered in the affirmative, where a suit was brought by the insured upon the above clauses of the policy, after the expiration of such period of sixteen months, would the fact of his having recovered from the disability appearing in the petition negative mere conclusions of the petition that the insured became wholly disabled by bodily disease, so that he was permanently and continuously unable to engage in any occupation for remuneration or profit, and that petitioner's claim comes within the terms and provisions of the policy, and that petitioner is justly entitled to the amount which he claims, when the petition is considered on a mere general demurrer interposed thereto?

See, in connection with the foregoing questions: *Wright* v. *Fuller,* 148 *Ga.* 223 (96 S. E. 433); *Hipp* v. *Fidelity Mutual Life Ins. Co.,* 128 *Ga.* 491 (9) (57 S. E. 892, 12 L. R. A. (N. S.) 319); *Peacock* v. *Collins,* 110 *Ga.* 281 (34 S. E. 611); Taylor *v.* Southern States Life Ins. Co., 106 S. C. 356 (91 S. E. 326, L. R. A. 1917C, 910); Barclay *v.* Barrie, 209 N. Y. 40 (102 N. E. 602, 47 L. R. A. (N. S.) 839), Ann. Cas. 1913D, 1143); Bischof *v.* Merchants Nat. Bank, 75 Neb. 838 (106 N. W. 996, 5 L. R. A. (N. S.) 486); Hopkins *v.* Baker, 78 Md. 363 (28 Atl. 284, 22 L. R. A. 477); Tex. & Pac. Ry. Co. *v.* City of Marshall, 136 U. S. 393 (4) (10 Sup. Ct. 846, 34 L. ed. 385); Harvey *v.* Mason City Ry. Co., 129 Iowa, 465 (105 N. W. 958, 3 L. R. A. (N. S.) 973, 113 Am. St. R. 483).

*Randolph, Parker & Fortson* and *Branch & Snow,* for plaintiff in error.

*Bryan & Middlebrooks* and *H. W. Nelson,* contra.

HINES, J. The questions propounded by the Court of Appeals involve the construction of certain provisions in a policy of life insurance. One of these provisions is as follows: "If . . the insured shall furnish to the Company due proof that . . he has become wholly disabled by bodily disease, so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the Company will grant the following benefits." Another of these provisions is as follows: "The company by endorsement hereon shall waive the payment of premiums which thereafter may become due under this policy during the continuance of the said total disability of the insured." Another is as follows: "Furthermore, the company will pay to the insured each month fifty dollars, . . the first monthly payment to be made six months after receipt of due proof of the said total disability, . . and subsequent payments monthly thereafter during the continuance of said total disability of the insured and prior to the maturity of this policy." The question is this: "Could a disability which had lasted for only sixteen months and from which the insured then recovered be a 'permanent disability' within the meaning of these clauses of the policy?" This court has adopted certain rules for its guidance in the construction of policies of insurance. If such a policy is capable of two constructions, that interpretation must be placed upon it which is most favorable to the insured. *Massachusetts &c. Asso.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261). Policies of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer, as they are issued upon printed forms prepared by experts at the instance of the insurer, in the preparation of which the insured has no voice. *Johnson* v. *Mutual Life Ins. Co.,* 154 *Ga.* 653 (115 S. E. 14).

With these legal signposts for our guidance, what is the proper construction of the above provision of this policy? Does the language, "permanently and continuously," mean that the total

disability must last forever before the insured will be entitled to the benefits provided in the policy? Permanent is the antithesis of temporary. The word "permanent" does not always mean forever or lasting forever. The meaning of that word is to be construed according to its nature and in its relation to the subject-matter of the contract. Mead *v.* Ballard, 7 Wall. 290 (19 L. ed. 190); Texas & Pacific Ry. Co. *v.* Marshall, 136 U. S. 393 (supra). The words, "permanently and continuously," standing alone, would mean that the total disability must be a lasting one; but when these words are taken in connection with other language used in the several provisions of this policy set out above, the fair construction of these words is, not that the total disability shall last or exist forever, but that a disability which existed continuously for no less than sixty days prior to the furnishing of proof is, within the meaning of the policy, a permanent disability. The first provision quoted expressly provides that where "such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the company will grant" to the insured the benefits provided for in the policy. So it seems to us that the evident purpose of the provision is that a total disability existing for a period not less than sixty days prior to the furnishing of proof thereof is to be considered a permanent disability. The other language used in these provisions strengthens this view and construction. Upon proof being furnished of such disability, "the company by endorsement . . shall waive the payment of the premiums which thereafter may become due under this policy during the continuance of the said total disability of the insured." This provision carries an implication that the insurer contemplated that the disability might terminate, in which event the waiver of the payment of premiums would come to an end, and the insured would have to begin to pay premiums again. It contemplates that the disability, proof of which would entitle the insured to the benefits provided, might not last forever, but might end, and that after the cessation of the total disability the benefits would cease. The monthly payments of $50 would be made "during the continuance of said total disability of the insured and prior to the maturity of this policy." This language clearly indicates that the insurer meant that the total disability, on proof of which it would grant the benefits named, was not one which might last during the entire life

of the insured, but one which might end prior to his death. So we are of the opinion that under the terms of this policy a total disability which lasted for sixteen months was a permanent disability in the meaning of the above provisions of this policy. In *Hipp* v. *Fidelity &c. Ins. Co.,* 128 *Ga.* 491 (supra), the policy provided that after the insured became totally and permanently incapacitated, he would be entitled to either one of two options, and there was no language used in the policy which indicated that the permanent incapacity might be less than a lasting one. On the contrary, Judge Lumpkin, in the opinion, declared that there was language which negatived any such idea. Besides, the point actually decided in that case is found in the eighth headnote, which does not deal with the question which we now have under consideration. In *Wright* v. *Fuller,* 148 *Ga.* 223 (supra), the question with which we are now dealing was not raised.

So we are of the opinion that the first and second questions propounded by the Court of Appeals should be answered in the affirmative. This renders an answer to the third question unnecessary.                    *All the Justices concur.*