*George B. Rush, Francis L. Eyles,* contra.

21062. COLUMBIAN NATIONAL LIFE INSURANCE COMPANY *v.* BUNTIN.

STEPHENS, J. 1. Where a life-insurance policy provides that if "the insured shall furnish to the company due proof that . . he has become wholly disabled . . and . . will be permanently and continuously unable to engage in any occupation whatever, . . and *that* [italics ours] such disability has existed continuously for *not less than sixty days prior to the furnishing of proof* [italics ours], thereupon the company will grant" certain enumerated benefits, it is essential to a compliance by the insured with this provision of the policy that it appear from the proof of disability furnished to the insurance company that such disability had existed for not less than sixty days prior to the furnishing of the proof. Where the proof so furnished does not show this fact, the insured has not complied with this provision of the policy and is not entitled to the benefits therein, although as a matter of fact, at the time of furnishing the proof of disability, such disability was permanent and had existed continuously for sixty days prior to the furnishing of the proof. See, in this connection, *Penn Mutual Life Insurance Co.* v. *Milton,* 160 *Ga.* 168 (127 S. E. 140, 40 A. L. R. 1382).

2. In a suit by the insured against the company to recover a benefit on account of a permanent disability as provided in such a policy, where it did not appear from the proof of disability furnished by the insured to the company on the 19th of August that the disability claimed by him

had existed continuously for sixty days prior to the furnishing of the proof, but where it did appear from the physician's certificate furnished as part of the proof of disability that the insured had been totally disabled from the 25th of July previously, although there was evidence to the effect that the insured had become permanently disabled about the middle of the previous June, and therefore was permanently disabled for a period of sixty days prior to the date of the furnishing of proof of disability, a verdict for the defendant was as a matter of law demanded, and the verdict found for the plaintiff was without evidence to support it and was contrary to law. This ruling being controlling, it is immaterial whether the court erred in admitting the testimony of the plaintiff as to the time of duration of his disability prior to the furnishing of the proof, or erred in the charge to the jury.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 27, 1931.

*T. H. Milner,* for plaintiff in error. *A. N. Durden,* contra.