LUNSFORD v. MASSACHUSETTS MUT. LIFE INS. CO.—78 S. W. (2d) 354.

Eastern Section.   November 3, 1934.

Petition for Certiorari denied by Supreme Court, January 25, 1935.

Leon E. Easterly, of Greeneville, for appellant.
Susong, Susong & Parvin, of Greeneville, for appellee.

McAMIS, J.  This is a suit to recover $100 per month disability benefits under a policy providing that, if insured "shall furnish due proof to the Company at its home office, that he has become wholly and permanently disabled, so that he is and will be permanently,

continuously, and wholly prevented thereby from performing any work, or engaging in any occupation, for compensation or profit, and that such disability has existed for not less than sixty days, the Company will pay the insured One Hundred Dollars per month during the continuance of said disability.''

The chancellor dismissed complainant's bill, and he has appealed and assigned errors. The determinative question raised by the several assignments of error is whether or not complainant's disability is compensable under a proper construction of the policy.

In addition to the depositions filed, the following stipulation was entered into in the lower court:

''It is stipulated and agreed that Dr. E. C. Lunsford was totally disabled from December 20, 1929, to August 4, 1930.

''It is stipulated and agreed that at the end of the period ending August 4, 1930, Dr. E. C. Lunsford returned to the work of his profession though at first being unable to perform the full amount of work performed before he became sick, and that he has gradually improved until he is now going forward in practice of his profession, and able to do his work substantially as before his illness, and still continues his work.''

The bill seeks recovery only for a period of seven and one-half months of total disability from December 20, 1929, to August 4, 1930, when, as shown by the stipulation, complainant resumed the practice of his profession.

The testimony both medical and lay shows that about December 20, 1929, Dr. Lunsford suffered a breakdown and was upon the verge of nervous collapse; that he became unconscious and remained so for about a month, and upon advice of his physician was placed in a hospital in Orlando, Fla., where he remained until May 1, 1930, when he returned to Greeneville, Tenn. The complainant testified that upon his return to Greeneville he again consulted his physician, Dr. Coolidge, who advised him to take a complete rest for an indefinite period of time; and that he went to Karlsbad, Germany, for treatment, returning to Greeneville about July 25, 1930, resuming the practice of his profession, to the extent indicated in the stipulation hereinbefore quoted, on August 4, 1930.

Dr. Coolidge testified that he examined complainant upon his return from Florida and that he was much improved, but ''still in a highly nervous condition,'' and in his opinion still totally disabled. There is no intimation, however, that Dr. Coolidge at any time regarded complainant's condition of total disability as being permanent, and there is no proof that complainant himself at any time regarded his condition as being permanent; so that the question is whether the contract can be properly construed to cover total disability which is shown to have continued for a period of sixty days.

the waiting period prescribed by the policy, there being no proof that such total disability will be permanent.

Complainant insists that the hereinbefore quoted provision must be considered and construed in connection with the provision for a continuation of disability payments ''during the continuance of said total disability of the insured prior to the maturity of the policy'' and another provision of the policy conferring upon the company the right to require proof of the continuance of such disability upon demand, and that when these provisions of the contract are construed together, an ambiguity arises which under the familiar rule of construction requires that the construction most favorable to the insured be adopted.

We are of opinion that, notwithstanding the provision for a sixty-day waiting period and the provision of the contract providing for payment of disability benefits only during continuance of total disability, and the clause authorizing the company to demand proof of the continuation of disability, there is no uncertainty of meaning justifying the invocation of the rule of construction relied upon.

That the contract contemplates that the disability entitling insured to benefits must be permanent as well as total is clearly indicated by the language ''wholly and permanently disabled; so that he is and *will be permanently*, continuously and wholly prevented from performing any work or engaging in any occupation, for compensation or profit.'' The plain import and meaning of this language is that insured's disability must be such that he not only is at the time the proof of disability is furnished but ''will be permanently'' prevented from performing any work, etc.; and the provision that proof must be furnished of the continuance of *''such''* disability cannot fairly be construed to mean that total disability which has continued for sixty days will be regarded as total and permanent for the word ''such'' plainly refers to the previously expressed definition of compensable disability. (Italics ours.)

The fact that the policy provides that disability benefits will be paid during the continuance of disability cannot be held to convert the policy from one allowing benefits only in case of total and permanent disability into one compensating for disability which is total but not permanent. Conditions having the indicia of permanency do not always turn out to be so, and we are unable to see wherein this clause, even when coupled with the other clauses relied upon, involves in doubt the meaning of the policy.

Having proper regard to the purpose of the contract, namely, to substitute the disability benefits for insured's normal sources of income which are cut off by accident or disease, this clause can only be construed to mean that when insured recovers his normal earning capacity benefit payments will cease, notwithstanding the disability may have been previously thought to be permanent. The

sixty-day clause has nothing to do with the definition of what shall constitute a disability compensable, but merely restricts the time during which disability will be paid by providing, in effect, that no benefits will accrue unless the disabling cause has existed, at the time proof is furnished, for at least sixty days.

Complainant cites and relies upon the case of Conley v. Pacific Mutual Life Insurance Co., 8 Tenn. App., 405, and upon the case of Penn. Mutual Life Insurance Co. v. Milton, 160 Ga., 168, 127 S. E., 140, 40 A. L. R., 1382. The latter case was considered and disapproved in the Conley suit, supra; the court saying: "The opinions in the cases cited from Iowa, New York and Mississippi are, we think, more in accord with sound reason than the opinion last quoted." The opinions in the cases cited from Iowa, New York, and Mississippi are discussed at some length in the opinion and their reasoning approved, in denying contentions similar to the ones being made by complainant in the case at bar.

The policy provisions under consideration in the Conley Case are similar, except that in that case the policy provided that payments should continue as long as the insured shall live, while the policy in this case provides for payments "during the continuance of said total disability prior to the maturity of the policy," and the policy in the Conley Case did not contain a sixty-day waiting period, so far as the opinion discloses. The first of these differences has little, if any, bearing upon a correct interpretation of the policy, as both contemplate continuation of payments as long as disability once established as total and permanent shall continue to be so.

The case of Metropolitan Life Insurance Co. v. Noe, 161 Tenn., 335, 31 S. W. (2d), 689, is authority for our ruling that the policy in suit does not contemplate a total temporary disability. In that case the court held that the phrase "totally and permanently disabled" contemplates a physical condition at the time of the claim which reasonably convinces the judging authorities that (a) the subject is then totally disabled and (b) will so remain for life. As we interpret it, the holding is to the effect that there must be a showing of present total disability and a reasonable prognosis that that condition will be permanent.

We think there is no ambiguity in the contract, and that to hold that the contract contemplates the payment of compensation for total disability without any showing of its probable permanency, would be a subversion of the purpose and meaning of the rule of construction relied upon by complainant and would amount to writing a new contract—one never contemplated by the parties and contrary to the plain provisions of the policy.

If the contract contemplated mere total disability without regard to whether it is permanent, the requirement that the proof furnished by the insured must show that he is suffering from a disease from

which he has become and will be permanently disabled, would be wholly without meaning.

It is conceded that unless there is found to be an ambiguity justifying a construction of the contract to make it cover a case of total disability without proof of its probable permanency, complainant cannot recover either the disability benefits or .the premiums paid during the period of disability (the policy providing for waiver of premiums in case insured furnished proof of total and permanent disability), and since there is no ambiguity, the assignments are over-ruled and the decree affirmed, with costs.