28174. MASSACHUSETTS MUTUAL LIFE INSURANCE
COMPANY *v.* MONTAGUE.

138

DECIDED JULY 11, 1940.  REHEARING DENIED JULY 30, 1940.

142

*Albert E. Mayer,* for plaintiff in error.

*Neely, Marshall & Greene, W. Neal Baird,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

Attached to the petition, as a part thereof, is a statement of the physician attending the plaintiff, which constitutes an essential and required portion of the proof of disability furnished by the plaintiff to the defendant. The defendant claims that it does not appear from this statement that the plaintiff is "wholly and permanently disabled," within the meaning of the provisions of the policies with respect thereto, in that the physician, in answering the question propounded in the statement to him as to how soon, in his opinion, would the insured be able to resume an occupation, stated "Indefinite." In fact the defendant claims that it affirmatively appears thereby that the insured was not permanently disabled, within the terms of the policies. It is true that the case is in this court upon exception to the overruling of a general demurrer, and therefore the allegations of the petition must be construed most strongly against the plaintiff. However, the allegations of the petition and amendment, together with the exhibits thereto attached, going to make up the plaintiff's alleged cause of action and right to recover the disability benefits sued for, must be reasonably and

fairly construed. All the alleged facts must be taken together and construed in the light of each other. The total and permanent disability provisions of the policies are substantially alike, and thereunder the insurance company becomes liable, if otherwise liable, for the benefits therein provided whenever the insured "shall furnish due proof to the company at its home office that he has become wholly and permanently disabled, so that he is and will be permanently, continuously, and wholly prevented thereby from performing any work or engaging in any occupation for compensation or profit, and such disability has existed continuously for not less than sixty days." The plaintiff alleged that on February 27, 1939, he became wholly and permanently disabled, within the terms of the policies, and that such disability continued up to the time of the filing of the petition, which was September 1, 1939, and more than sixty days from February 27, 1939, when he became so disabled. In the proof furnished to the defendant he stated that his disability was "permanent." The attending physician answered negatively the question, "Is the claimant able to pursue usual occupation?" and answered affirmatively the question, "Do you consider that the claimant, by reason of present disability, will be permanently, continuously, and wholly prevented from pursuing any and all occupations?" This latter question immediately preceded the question first above referred to, where the physician stated that in his opinion the proximate date when the insured would be able to resume an occupation was "Indefinite." The use of the word "indefinite" by the physician must be considered in connection with the other questions and answers in the statement. When so considered, it does not conclusively appear that the insured was not permanently and continuously disabled within the meaning of the policy and of the law, as contended by the defendant.

The Supreme Court, in dealing with the disability provisions of a policy which were similar to those here involved, speaking through the late Mr. Justice Hines, stated: "Does the language 'permanently and continuously' mean that the total disability must last forever before the insured will be entitled to the benefits provided in the policy? . . The word 'permanent' does not always mean forever or lasting forever. The meaning of that word is to be construed according to its nature and in its relation to the subject-matter of the contract. . . The words 'permanently and con-

tinuously,' standing alone, would mean that the total disability must be a lasting one; but when these words are taken in connection with other language used in the several provisions of this policy set out above, the fair construction of these words is, not that the total disability shall last or exist forever, but that a disability which existed continuously for no less than sixty days prior to the furnishing of proof is, within the meaning of the policy, a permanent disability. The first provision quoted expressly provides that where 'such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the company will grant' to the insured the benefits provided for in the policy. . . This provision carries an implication that the insurer contemplated that the disability might terminate, in which event the waiver of the payment of premiums would come to an end, and the insured would have to begin to pay premiums again. It contemplates that the disability, proof of which would entitle the insured to the benefits provided, might not last forever, but might end, and that after the cessation of the total disability the benefits would cease. The monthly payments of $50 would be made 'during the continuance of said total disability of the insured and prior to the maturity of this policy.' This language clearly indicates that the insurer meant that the total disability, on proof of which it would grant the benefits named, was not one which might last during the entire life of the insured, but one which might end prior to his death." *Penn Mutual Life Ins. Co.* v. *Milton,* 160 *Ga.* 168, 171 (127 S. E. 140, 40 A. L. R. 1382). See *Adamson* v. *Metropolitan Life Ins. Co.,* 42 *Ga. App.* 587 (157 S. E. 104, 97 A. L. R. 127, notes). Therefore, under the allegations of the petition, amendment, and exhibits, it does not appear affirmatively, as claimed by the defendant, or by implication, construing the petition most strongly against the plaintiff, that the insured was not wholly and permanently disabled within the meaning of the policies providing for the payment by the insurer of benefits should the insured become wholly and permanently disabled during the existence of the policies. It appears that at the time of the filing of the petition (September 1, 1939) the insured was wholly and permanently disabled, and that he had been so since February 27, 1939, which showed a state of being wholly and permanently disabled continuously for more than sixty days.

■ The insured claims that he is entitled to recover disability benefits from February 27, 1939, when he alleges his total and permanent disability commenced, until the time of the institution of this suit on September 1, 1939. The defendant contends that the insured, if entitled to recover at all, is entitled only to recover for the disability benefits accruing after the furnishing by him of due proof of total and permanent disability, which was on July 29, 1939. The several insurance companies doing business in this State do not appear to have adopted a uniform-disability clause; and consequently each case must stand upon its own bottom and be controlled by the construction of the particular contract under consideration. The policies sued on, as respects the payment of disability benefits to the insured, contain substantially similar provisions to the effect that if the insured, after payment of the premiums for the first policy year, and before default in the payment of any subsequent year's premium, and before attaining the age of sixty years, shall furnish due proof that he has become wholly and permanently disabled, etc., and that such disability has existed continuously for not less than sixty days, the company will pay to the insured one per cent. of the face of the policy, and a like amount each month *thereafter* during the continuance of said total disability of the insured before the maturity of the policy. Properly construed, does the date of the furnishing of proof of disability to the company, rather than the date of the commencement of the disability itself, fix the time when the insured may be entitled to receive such benefits and the company be liable to pay such benefits? In *Equitable Life Assurance Society* v. *Adams, 56 Ga. App.* 5 (192 S. E. 90), where the policy provided that "disability benefits before age sixty shall be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective . . in which event the society will grant the following benefits: . . pay to the insured a monthly disability-annuity as stated on the face hereof, the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability," it was held that the company was not obligated to pay disability benefits until the furnishing of proof of total and permanent disability. In that case the policy

specifically provided that such benefits were payable "upon receipt of due proof" of disability, and that the company would make "subsequent payments monthly thereafter" during the continuance of such disability.

The plaintiff relies on *Life Insurance Company of Virginia* v. *Williams*, 48 *Ga. App.* 10, 18 (172 S. E. 101). In that case the court was dealing, not with the question of the time of payment of disability benefits, but with the question of waiver of premiums during disability; and under the express provisions of the policy involved the company waived premiums from the "date of the commencement of such disability." The policy provided that "upon . . proof satisfactory to the company . . that . . the insured has become totally disabled, . . the company will waive the payment of any premium falling due under said policy during such disability. . . Such waiver of premiums shall become effective with the first premium falling due under said policy *after the date of the commencement of such disability.*" (Italics ours.) Therefore the waiver of premiums began with the first premium falling due after the date of the commencement of the disability, and did not depend on the time the proof was furnished. That case is not authority for holding that the insured was entitled to the disability benefits provided from the commencement of disability, but is authority only for holding that the waiver of premiums began with the first premium falling due after the commencement of such disability. Properly construing the provisions of the policies here sued on, the right of the insured to the disability benefits did not become existent until certain prerequisites occurred: the contract must be in force, the first year's premium paid, and no default in the payment of any subsequent year's premium; the insured must not be sixty years or more of age, must be totally and permanently disabled within the meaning of that term as used in the policies, and due proof thereof must be furnished the company. All these are necessary and prerequisite occurrences before the company is obligated to pay to the insured "one per cent. of the face" of the policy and a "like amount each month *thereafter* during the continuance of said total disability." The time when this portion of the contract comes into effect is as much a fundamental element as the disability itself. The obligation of the company under the language of these policies did not rest upon the existence of the

disability standing alone, but also upon the furnishing by the insured to the company of proof of disability. The latter is a condition precedent to the payment of the company to the insured of one per cent. of the face of the policy and thereafter a like amount each month during the continuance of the disability. Under a proper construction of these provisions of the policies no disability benefits are payable to the insured for the period before furnishing the proof of disability. It appears therefore that the plaintiff, if otherwise entitled to prevail, is entitled to recover one per cent. of the face of the policies sued on, as of July 29, 1939, the date of filing the proof of disability, and a like amount each month thereafter until September 1, 1939, the date on which the present action was commenced.

■ The policies provide also that if the insured, etc., shall furnish due proof to the company that he has become totally and permanently disabled, etc., within the meaning of that term as used in these policies, the company will "waive the payment of all premiums becoming due under this policy after the expiration of the then current policy year." The provisions of all six policies are substantially the same. Under these provisions it is plain that the company contracted to relieve the insured from the payment of all premiums becoming due under the policies after the expiration of the then current policy year, upon the furnishing by the insured to the company of due proof and proper proof of total and permanent disability. Under the allegations of the petition as amended, it appeared that this proof was furnished to the company by the insured on July 29, 1939; and it follows that, after the furnishing of such proof, upon the expiration of the then current policy year, the insured would not be liable to pay and the company would waive the payment of, during the continuance of such total and permanent disability, all premiums thereafter becoming due. By the provisions of the policies the company did not waive the payment of any premiums before the furnishing of due proof of disability. Any premiums becoming due after the disability of the insured commenced (February 27, 1939) but before the furnishing of due proof thereof (July 29, 1939) were not waived by the company.

■ It is not alleged that the premiums paid by the insured, after he had furnished the company with due proof of total and perma-

nent disability, and the payment of which was waived under the terms of the policies, were paid under any urgent necessity for their payment, or that they were paid under any mistake of fact, or that the insured was induced to pay them by any fraud or artifice practiced upon him. In these circumstances the plaintiff was not entitled to recover such items, and the judge should have sustained the demurrer which challenged the right of the plaintiff to recover on them. See *New York Life Insurance Co.* v. *Williamson,* 53 *Ga. App.* 28, 36 (184 S. E. 755) ; *New York Life Insurance Co.* v. *Bradford,* 55 *Ga. App.* 248, 257 (2) (189 S. E. 914).

■ In order to subject an insurance company to damages and attorney's fees under the Code, § 56-706, it must appear that there has been a demand for the amount due on the policy, and a refusal to pay, sixty days before the suit is brought. *Lester* v. *Piedmont &c. Insurance Co.,* 55 *Ga.* 475 (4). In the original suit which was filed on September 1, 1939, the plaintiff did not allege any demand and refusal to pay, made more than sixty days previously thereto, and did not seek to recover damages and attorney's fees. However, by an amendment to the petition, filed on October 19, 1939, the plaintiff alleged that on July 29, 1939, a demand was made upon the defendant insurance company to pay the "loss," and that the "defendant has refused to pay said loss in bad faith, and sixty days have elapsed since said demand was made," and therefore that the plaintiff was entitled to recover the damages and attorney's fees allowed by law, recovery of which the plaintiff prayed. The defendant demurred to the portion of the amendment in which the plaintiff sought to recover damages and attorney's fees, on the ground, among others, that the plaintiff thereby "seeks to assert a claim which plaintiff had no right to enforce at the time of the filing of his original petition." The plaintiff had no right, in so far as it appears from the allegations of the petition and the amendment, to recover damages and attorney's fees at the time of the commencement of the suit. The allegation of the petition that the plaintiff "has demanded of defendant the payment of said sums due under said policies, but defendant has refused to pay the same," is not sufficient to show a demand and refusal sixty days before suit was brought. Nor does it appear in the amendment that such demand had been made. The demurrer to that part of the amendment seeking to recover damages and attorney's fees

should have been sustained. The judge properly overruled the general demurrer, and should have sustained the special demurrer in so far as the plaintiff sought to recover disability benefits from the commencement of his disability, premiums voluntarily paid after the furnishing of due proof of disability, and damages and attorney's fees under the Code, § 56-706.

*Judgment reversed. Sutton and Felton, JJ., concur.*