RAWLS, Chief Judge.
By this appeal, appellant Con Agra challenges a final judgment upholding an ordinance[1] enacted by the City of Pensacola imposing a license fee for the privilege of using the City’s streets.
Con Agra urges that the subject “Use of Streets” ordinance contravenes the clear language of Section - 205.531(1), Florida Statutes, F.S.A., which provides in part:
“Vehicles used by any person for the sale and delivery of tangible personal property at wholesale from his established place of business on which a license is paid shall not be construed to be separate places of business, and no license may be levied on such vehicles or the operators thereof as salesmen or otherwise by the county or municipality, any other law to the contrary notwithstanding.”
The city insists that the fee extracted from Con Agra does not constitute the imposition of a license within the meaning of the cited statute, but is levied upon commercial vehicles for the privilege of using its streets, including the right to the use of freight loading zones and other city services. ■
A “licensed inspector” of the city testified that he and an assistant (plus two secretaries) issue licenses to various businesses operating “one-vehicle businesses”; that decals are issued which assist his department in policing loading zones; that the revenue derived from issuing this particular license approximately equals the cost of running his department. Based upon the foregoing testimony, the city concludes that the sum levied is “merely” a fee covering the costs of regulating commercial vehicles using its streets. The city relies upon Jarrell v. Orlando Transit Co.[2] and City of Miami v. South Miami Coach Lines [3] for the proposition that the right to use the streets and highways of a municipality for private gain may be regulated by municipal license. We have no argument with this contention; however, such is not the question to be resolved. The city is a creature of the legislature, and as stated at the outset, the' question is has the legislature, by statute, precluded the city from enacting the subject ordinance ?
The ordinance enacted by the city by its clear and unequivocal terms requires the payment of a sum of money for a “license” to conduct as described by the city’s witness a “one-vehicle business”. Con Agra *607 established by uncontroverted testimony that it has an established place of business in Chipley, Florida, from which it distributes its grocery products at wholesale throughout northwest Florida, including Pensacola: and that it has paid the license tax imposed under the provisions of Florida Statute 205.531(1), F.S.A. The statutory provision speaks for itself:
“. . . [N]o license may be levied on such vehicles or the operators thereof as salesmen or otherwise by the county or MUNICIPALITY, any other law to the contrary notwithstanding.” [Emphasis supplied.]
Reversed.
JOHNSON, J., and HOWELL, Associate Judge, concur.

.“Use of Streets, etcetera: Each person, firm, corporation, association or company who uses the streets, avenues, alleys, or public roads of the City of Pensacola, Florida, for unloading, distributing, disposing of, or delivering goods, wares, produce or merchandise of any kind which said goods, wares, produce or merchandise was transported from a point without The City of Pensacola, Florida, to a point within The City of Pensacola, shall pay a license not in excess of the license paid for by local licensees engaged in the same business.”

. Jarrell v. Orlando Transit Co., 123 Fla. 776, 167 So. 664 (Fla.1936).

. City of Miami v. South Miami Coach Lines, 59 So.2d 52 (Fla.1952).