301 So.2d 506 (1974)
CITY OF LAKELAND, Florida, a Municipal Corporation, Appellant,
v.
LAWSON MUSIC CO., INC., and Booker T. Robinson, Appellees.
No. 73-994.
District Court of Appeal of Florida, Second District.
October 16, 1974.
*507 J.H. Roberts, Jr., Lakeland, for appellant.
Harry E. King of King, Howell & Kaylor, Winter Haven, for appellees.
BOARDMAN, Judge.
This case involves the resolution of a narrow issue of first impression under the recently enacted Local Occupational License Tax Act, Chapter 205, Florida Statutes,[1] to wit:
DO COIN-OPERATED MUSIC AND AMUSEMENT MACHINES AND DEVICES CONSTITUTE "PERMANENT BUSINESS LOCATIONS" WITHIN A MUNICIPALITY WHICH ARE SUBJECT TO AN OCCUPATIONAL LICENSE TAX FOR THEIR OPERATION WITHIN THE LIMITS OF A MUNICIPALITY UNDER § 205.042, FLORIDA STATUTES?
Appellee, Lawson Music Co., Inc. (Lawson), has its principal place of business in the City of Winter Haven, Florida. In the City of Lakeland, and other Florida cities, Lawson leases space within commercial establishments and installs coin-operated music and amusement machines and devices at such locations. Appellee, Booker T. Robinson, (Robinson) operates a restaurant where one such device is located.
The appellant, City of Lakeland, (Lakeland) enacted an ordinance on April 24, 1972 pursuant to § 205.042, Florida Statutes, supra, imposing an occupational license tax of $15 per machine on machines such as Lawson has installed in Robinson's restaurant. The 1973 tax was paid under protest and a suit was filed seeking a refund and injunction against further assessment of the tax. After hearing, the trial court concluded that the occupational license provided under § 205.042, Florida Statutes, is unlawful as applied to Lawson and Robinson and entered its final judgment accordingly. Timely appeal to this court followed.
Several other salient factors are not in dispute, for instance, that Lawson is a "person" as defined in § 205.022(3), Florida Statutes; that Lawson is engaged in a business within the geographical limits of Lakeland; that Lawson's coin-operated machine had been located on Robinson's premises for a period of eight (8) years; that the proceeds derived from the operation of the machine were divided 50-50 between Lawson and Robinson after the deduction for sales tax due the State of Florida; that the space used by Lawson and upon which the machine was placed was leased from Robinson; that the machine was owned and serviced, when required, by Lawson.
Counsel for the respective litigants agree that the sole question for our decision is whether Lawson can be said to be operating a "permanent business location" within the purview of § 205.042, supra. We have not been able to find a Florida case precisely on point, and, as a consequence, we resort to applicable decisions from other jurisdictions to aid us in the resolution of the question before us.
At the outset, we point out that the conceded fact that Lawson's principal place of business is in Winter Haven, as stated above, would not of itself prohibit Lakeland from imposing an occupational license tax on personal or real property of Lawson's permanently situate therein.
The Supreme Court of the United States in the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), decided that minimum contacts may be sufficient to bring a foreign business within the jurisdiction of local government for tax purposes. Suffice to say, that in this case it can be safely said that more than a minimum contact exists, for it is clear that Lawson's business *508 may very well cease to exist but for the spaces it leases from commercial enterprises for placement of its machines. These satellites, therefore, are, in logic, Lawson's business locations.
Lastly, our attention is focused on whether the business locations secured by Lawson are permanent in nature. As mentioned above the machine here under consideration has been on Robinson's premises for a period of eight (8) years. Thus, we think the property acquired permanent location apart from the owner, Lawson.
In Timmons v. Cropper, 40 Del. Ch. 29, 172 A.2d 757 (1961), leases like that being reviewed here were found to be mere licenses. However, decisional law reveals that the word "permanent" does not always denote lasting forever or sound opposite to temporary. Its meaning is often construed according to its nature and in its relation to the subject matter. Massachusetts Mut. Life Ins. Co. v. Montague, 63 Ga. App. 137, 10 S.E.2d 279 (1940). In tax cases the requirement of permanency has been found satisfied where presence is consistent with continuity and not sporadically or temporarily present. Lawson v. City of Groves, Tex.Civ.App. 1972, 487 S.W.2d 439; Reeves v. Island Creek Fuel & Transp. Co., 313 Ky. 400, 230 S.W.2d 924 (1950).
From a careful reading of the ordinance and the statute pertaining thereto, and in deference to the trial judge, we conclude that Lawson did maintain a "permanent business location" within the City of Lakeland to subject it to taxation by Lakeland pursuant to Chapter 205, Florida Statutes.
Accordingly, the final judgment appealed from is
Reversed.
HOBSON, A.C.J., and MANN, J. (Ret.), concur.
NOTES
[1] Chapter 72-306, Laws of Florida.