QUESTION: Does s. 205.063, F.S., preclude the City of Hollywood from levying an occupational license tax on each mobile canteen unit coming into Hollywood from another city wherein the canteen company owning and operating such units in carrying on its business is located and licensed?
SUMMARY: Section 205.063, F.S., precludes a city from levying an occupational license tax upon mobile canteen wagons coming into that city from another municipality wherein the canteen company owning or operating and using such canteen wagons in carrying on its business is located and duly licensed. Your question is answered in the affirmative, as hereinafter qualified. The portion of the Hollywood Code of Ordinances set forth in your letter indicates, consistent with Ch. 205, F.S., that only the persons who maintain a permanent business location or branch office within the City of Hollywood shall be liable for an occupational license tax for the privilege of engaging in or managing any business, occupation, or profession. You concluded on the basis of Isern v. City of West Miami, 244 So.2d 420 (Fla. 1971), that a mobile canteen unit conducting a regular business throughout the City of Hollywood had established a permanent business location therein so as to be a proper subject of the municipal occupational license tax. In answering the question presented, it is not necessary to reach the issue of whether a business conducted from a mobile structure can constitute a permanent business location or branch office within the meaning of those terms as used in s. 205.042, F.S. Section 205.063, F.S., provides: Exemptions; motor vehicles. — Vehicles used by any person licensed under this chapter for the sale and delivery of tangible personal property at either wholesale or retail from his place of business on which a license is paid shall not be construed to be separate places of business, and no license may be levied on such vehicles or the operators thereof as salesmen or otherwise by a county or incorporated municipality, any other law to the contrary notwithstanding. (Emphasis supplied.) Your letter states that the offices of the canteen company in question, which presumably owns or leases and operates or uses the subject vehicles in carrying on its business of distributing and selling its products at retail from its place of business, are located within another municipality from which the company has obtained an occupational license. It is assumed, and the conclusions stated herein are predicated on the assumption, that the salesmen or operators of the canteen wagons are the agents and employees of the canteen company, are not independent contractors or entrepreneurs, and are not as a matter of law independently making sales from such vehicles, but rather from the licensed business location. It would appear accordingly that the mobile canteen wagons are vehicles used by the company, duly licensed under Ch. 205, F.S., for the sale of tangible personal property at retail from that company's established place of business in the other municipality on which a license tax has been paid. Pursuant to the clear language of s. 205.063, supra, such vehicles "shall not be construed to be separate places of business, and no license may be levied on such vehicles or the operators thereof as salesmen or otherwise" by the City of Hollywood. Con Agra v. City of Pensacola, 286 So.2d 605 (1 D.C.A. Fla., 1973), cert. dismissed, City of Pensacola v. Con Agra,289 So.2d 735 (Fla. 1974). In ruling on a quite similar situation and statutory provision, the First District Court of Appeal held on pp. 606 and 607: The ordinance enacted by the city by its clear and unequivocal terms requires the payment of a sum of money for a "license" to conduct as described by the city's witness a "one-vehicle business." Con Agra established by uncontroverted testimony that it has an established place of business in Chipley, Florida, from which it distributes its grocery products at wholesale throughout northwest Florida, including Pensacola: and that it has paid the license tax imposed under the provisions of Florida Statute 205.531(1), F.S.A. The statutory provision speaks for itself: ". . . [N]o license may be levied on such vehicles or the operators thereof as salesmen or otherwise by the county or MUNICIPALITY, any other law to the contrary notwithstanding." In so concluding, I am not unmindful of City of Lakeland v. Lawson Music Co., Inc., 301 So.2d 506 (2 D.C.A. Fla., 1974), upholding an occupational license tax on coin-operated music and amusement devices permanently located on leaseholds within commercial establishments in the City of Lakeland but owned and serviced by a company located and licensed in another municipality. However, the situation presently under consideration differs materially in two aspects from that in Lawson Music Co., Inc. First, the court was not faced with any limiting or exempting statute such as s.205.063, F.S. Second, facts were sufficiently established demonstrating the requisite nexus or "minimum contacts" within the City of Lakeland so as to constitute the machine a "permanent business location" within the meaning of s. 205.042, F.S. Cf. AGO 073-399 which, in relevant part, is confirmed by City of Lakeland v. Lawson Music Co., Inc., supra.