QUESTIONS:
1. Is the nonresident owner/lessor of coin-operated machines, who does not operate a permanent place of business in a city, liable for city occupational license tax based on the leasing of said machines to X, where such machines are to operate in X's place of business within the city?
2. Is the lessee of such machines subject to the occupational license tax authorized by Ch. 205, F. S.?
SUMMARY:
The operation of coin-operated amusement devices within a municipality constitutes a taxable business or occupation under s.205.042, F. S. Where a nonresident owner of coin-operated machines leases such machines to a lessee who will operate and manage such machines at the lessee's place of business within the municipality, the lessee is liable for the municipal occupational license tax upon said machines.
Your questions involve essentially the following situation. The City of Lake Alfred has an occupational license tax on gaming and similar devices which are coin operated. The owner of certain coin-operated machines, who is not a resident of the city and who maintains no place of business within the city, leases certain coin-operated gaming machines to X for use by the general public at X's place of business, which is located within the city. You desire to know whether either the lessor or the lessee, or both, are liable for the occupational license tax.
The case law in this state leaves no doubt that the operation of coin-operated gaming machines within a municipality on a permanent basis constitutes a taxable occupation pursuant to s. 205.042, F. S.
In City of Miami v. I.C. Sales, Inc., 276 So.2d 214 (3 D.C.A. Fla., 1973), two vending machine companies challenged the City of Miami's municipal occupational license tax imposed on vending machines operated within said city. The court, in upholding the tax in question, noted the enactment, during the pendency of the appeal, of Ch. 72-306, Laws of Florida, which created the present Ch. 205, F. S. In reference to this new enactment the court held:
 The City of Miami was duly empowered to impose the occupational license taxes in question. Operation of such machines in the city was properly conditioned upon the issuance of licenses therefor, and the city was entitled to withhold the issuance of such licenses, for the period involved, in the absence of payment of the occupational license fees thus imposed. (Supra at 218)
In City of Lakeland v. Lawson Music Company, Inc., 301 So.2d 506,507 (2 D.C.A. Fla., 1974), the court had before it the issue of whether a nonresident owner of amusement devices could be held liable for the occupational license tax of the municipality in which the machines were located. The court posed the question before it in the following manner:
 Do coin-operated music and amusement machines and devices constitute `permanent business locations' within a municipality which are subject to an occupational license tax for their operation within the limits of a municipality under s. 205.042, Florida Statutes?
The court in answering this question in the affirmative noted that the owner of the music and amusement devices had its principal place of business in Winter Haven, rather than in Lakeland, where the machines upon which the tax was sought to be imposed were located. The court further noted that the owner leased the space upon which the machines were located from Lakeland business establishments. The court then concluded:
 Suffice to say, that in this case it can be safely said that more than a minimum contact exists, for it is clear that Lawson's business may very well cease to exist but for the space it leases from commercial enterprises for placement of its machines. These satellites, therefore, are, in logic, Lawson's business locations.
As to the question of permanency of the location of the music and amusement devices at the place of business within which Lawson rented space, the court ruled:
 In tax cases the requirement of permanency has been found satisfied where presence is consistent with continuity and not sporadically or temporarily present. (Supra at 508)
Finally, in AGO 073-399, a vending machine was considered to be a permanent business location or a branch office, the operation of which constituted a single taxable privilege upon which one license tax may be levied.
Pursuant to s. 205.042, F. S., the municipal occupational license tax is assessed for the `privilege of engaging in or managing a business, profession, or occupation' within the taxing municipality's jurisdiction. Since the operation of coin-operated gaming devices clearly constitutes a taxable business or occupation, it therefore becomes necessary to determine which individual or entity is exercising the privilege of engaging in or managing such business or occupation.
In both I.C. Sales, Inc. v. City of North Miami, supra, and City of Lakeland v. Lawson Music Company, supra, it was the machine owner who provided for the operation and management of the machines at a permanent business location within the taxing municipality. In both such cases, the owner-operator of the coin-operated machines leased space in commercial establishments upon which the machines were located, rather than leasing the actual machines themselves. Hence, in each case, it was the machine owner-operator who was held to be exercising the taxable privilege of engaging in or managing the business of coin-operated machines at a permanent business location within the taxing municipality.
Your inquiry notes that rather than the owner-operator leasing space within the business on which the machines will be located, the owner of the coin-operated machines leases the actual machines themselves to individuals for use by the general public at the lessee's place of business within the City of Lake Alfred. It must therefore be assumed that the lessee operates and manages the machines at the lessee's place of business. This being so, the lessee is therefore liable for the payment of the occupational license tax on such machines.
It appears from your opinion request that s. 10-4 of the Lake Alfred Municipal Code may be applicable in the instant situation. Such section provides:
 Whenever in any reasonable construction of this chapter one or more license taxes shall be collectible from the same person for the carrying on of any business, profession or occupation where the same are jointly conducted at the same place of business, only the license which requires the payment of the largest sum of money shall be required.
It is uncertain from the opinion request whether the lessee of the gaming devices is carrying on more than one taxable business or occupation at the same place of business, and, therefore, consideration must be given to the possible application of s. 10-4 to the instant factual situation.
Subject to the above-stated factual conditions, question number 1 posed at the outset of this opinion is answered in the negative, and question number 2 is answered in the affirmative.
Prepared by: Harold F. X. Purnell Assistant Attorney General