Eugene M. Steinfeld City Attorney Margate
QUESTION:
May a municipality require an occupational license under s.205.042, F. S., of individuals selling wares at a flea market or swap shop?
SUMMARY:
For a person selling wares at a flea market or swap shop to be liable for a municipal occupational license, the municipality must determine that the person `maintains a permanent business location' within the jurisdiction of the city. The municipality must evaluate the type of activity sought to be taxed in terms of the statutes authorizing taxation of occupations and consider the restrictions on that power contained in the statutes.
It is a fundamental principle that municipalities do not possess inherent licensing power; however, such licensing power is generally delegated to municipalities by the state. 9 McQuillinMunicipal Corporations s. 26.22 (1964) and 23 Fla. Jur. MunicipalCorporations s. 149 (1959). Sections 166.201 and 205.042, F. S., have authorized municipalities to levy an occupational license tax in certain instances. One of these instances is that the persons sought to be taxed must be doing business within the jurisdiction of the municipality, s. 205.042. Section 205.022(1), F. S., defines, for the purposes of Ch. 205, `(l)ocal occupational license' to mean:
 . . . the method by which a local governing authority grants the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. It shall not mean any fees or licenses paid to any board, commission, or officer for permits, registration, examination, or inspection. Unless otherwise provided by law, these are deemed to be regulatory and in addition to, and not in lieu of, any local occupational license imposed under the provisions of this chapter.
Section 205.042, F. S., authorizes a municipality's governing body to levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business or occupation within its jurisdiction and provides that such tax may be levied on:
 (1) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any business within its jurisdiction.
 (2) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
This section has made it clear that a potential licensee must fall within one of the above two categories before a municipality may impose an occupational license tax. Under the two categories, a person may conduct any business, profession, or occupation within a municipality without being subject to a municipal occupational license tax unless he maintains a permanent business location or branch office therein. Isern v. City of West Miami, 224 So.2d 420
(Fla. 1971); Duffin v. Tucker, 153 So. 298 (Fla. 1954); and Berry v. City of Dania, 24 Fla. Supp. 152 aff'd, 168 So.2d 135 (Fla. 1964). Accord: Attorney General Opinions 072-117, 072-336, 073-172, 073-399, 075-208, and 075-251.
I recognize that the question of what constitutes a `permanent business location' requires legislative or judicial findings of fact which are beyond the scope of my powers as Attorney General.See AGO's 076-234, 075-208, and 072-236; cf. City of Lakeland v. Lawson Music Co., Inc., 301 So.2d 506 (2 D.C.A. Fla., 1974), holding in pertinent part that, when a company's principal place of business lies in another municipality, but it leased space within commercial establishments in the taxing municipality for placement of its amusement machines, the company owning such machines maintained a permanent business location within the taxing municipality so as to subject it to that municipality's taxing power under s. 205.042(1), F. S.
I, therefore, am not prepared to say that the person engaging in an occasional or isolated participation in a flea market or swap shop could be considered as a person who `maintains a permanent business location' within the jurisdiction of a city. Likewise, this opinion does not address itself to the question of the applicability of an occupational license tax on the party operating the flea market or swap shop.
In promulgating a municipal ordinance levying an occupational license tax in the situations which you outline in your request, the taxing authority should measure the activity sought to be taxed against the statute granting the taxing power, the restrictions set forth therein, and the judicial opinions defining the terms used in the statute. This is an issue which must be determined by each taxing authority based upon the factual circumstances involved. I again direct your attention to the discussion of the word `permanent' contained in the district court opinion in City of Lakeland v. Lawson Music Co., Inc., supra.
In summary, therefore, I conclude that a municipality must evaluate the type of activity sought to be taxed in terms of the statutes authorizing taxation of occupations and consider the restrictions on that power contained in the statutes, in order to validly impose an occupational license tax upon individuals selling wares at a flea market or swap shop.
Prepared by:
William D. Townsend Assistant Attorney General