Ledbetter & Harris *v.* McGhees & Company.

M., L. and F. entered into an agreement, whereby M. was to sell F. goods, for which L. was to pay monthly from money which should come into his hands due F. for work to be done as a subcontractor under L., the money to be received by L. from a prior contractor for the purpose of paying F. for such work as he might do; that L. should receive two per cent. upon all sums paid by him to M.

on account of the goods furnished by M. to F.; and that F. was to give orders or drafts upon L. in favor of M. L. received on account of the work more than sufficient to have paid the indebtedness of F. to M. for the goods furnished; and F. made drafts on L. from time to time 'in favor of M. for amounts due for the goods furnished, and for two months these drafts were paid, but on subsequent failure to do so, L. was sued by M.

*Held*, that the contract was not within the statute of frauds, though not in writing; it was an original undertaking of L., founded upon sufficient consideration.

(*a*) That the goods furnished were charged to F. on the books of M. who also sued F. and obtained judgment therefor, does not alter the case. That F. is bound for the debt does not lessen the liability of L., who was in some sense, under the agreement, a trustee as to the funds received by him belonging to F.

January 10, 1890.

Contracts. Statute of frauds. Construction. Trusts. Before Judge MADDOX. Floyd superior court. March adjourned term, 1889.

Reported in the decision.

C. ROWELL, for plaintiffs in error.

DEAN & SMITH, *contra*.

BLANDFORD, Justice.

The record in this case shows the following facts which were found to be true by the jury:

McGhees & Co., Ledbetter & Harris and Ferguson & Co. entered into an agreement, whereby McGhees & Co. were to sell Ferguson & Co. certain goods, for which Ledbetter & Harris were to pay out of money which should thereafter come into their hands, due Ferguson & Co. for certain work the latter were to do upon a railroad as subcontractors under Ledbetter & Harris. The money was to be received by Ledbetter & Harris from a prior contractor for the purpose of paying Ferguson & Co. for such work as they might do. It was further agreed that Ledbetter & Harris should receive two per cent. upon all sums paid by them to McGhees & Co. on account of the goods to be sold and

furnished by McGhees & Co. to Ferguson & Co; that Ferguson & Co. were to give orders or drafts upon Ledbetter & Harris in favor of McGhees & Co, and Ledbetter & Harris were to pay monthly for such goods as might be furnished.  It is not disputed that Ledbetter & Harris received on account of the work a large amount of money, more than sufficient to have paid off the indebtedness of Ferguson & Co. to McGhees & Co. for the goods furnished.  And Ferguson & Co. drew drafts upon Ledbetter & Harris from time to time in favor of McGhees & Co. for amounts due for the goods furnished by the latter.  For two months after the arrangement was entered into between these parties, Ledbetter & Harris paid the drafts in accordance with the agreement ; but they failed to pay any more, and this action was instituted to recover of Ledbetter & Harris the amount due McGhees & Co. by Ferguson & Co. for the goods so sold and delivered.  To this action there was a plea of the statute of frauds, and the question here is, whether the contract or arrangement between these parties falls within the spirit and letter of the statute of frauds, the same not having been in writing.

We are of the opinion that this contract does not fall within the statute of frauds, although not in writing. We do not think it was a collateral undertaking on the part of Ledbetter & Harris, but think it was an original undertaking, founded upon a sufficient consideration. In the first place, Ferguson & Co. were subcontractors under Ledbetter & Harris, and it was to the interest of Ledbetter & Harris that their subcontractors should perform the work the latter had contracted to do, the same being work which Ledbetter & Harris had contracted to do, and Ferguson & Co. having been substituted by them to do it in their stead.  It was a contract to serve the pecuniary and business purposes of Ledbetter & Harris, involving benefits to them and

damages to McGhees & Co.   See 13 N. E. Rep. 80 ; 22 How. 43 ; 36 Mich. 324.   Besides, Ledbetter & Harris were to receive two per cent. on such amounts as they might pay McGhees & Co. out of the funds coming into their hands belonging to Ferguson & Co.   We think furthermore that inasmuch as Ledbetter & Harris were to receive and did receive the moneys which were to be paid to Ferguson & Co. for work done on the road, and which Ferguson & Co. had agreed should be paid by Ledbetter & Harris to McGhees & Co., and as Ledbetter & Harris had agreed so to apply the funds thus coming into their hands, this itself was a sufficient consideration to support the promise of Ledbetter & Harris to pay to McGhees & Co. the debt due the latter by Ferguson & Co.

This case is very much like the case of Andrews *v.* Smith, 2 Cromp. M. & R. (Exch.) 626.   In that case the declaration alleged that H. was employed to do work on certain houses, and that the defendant was employed as surveyor over him, and to receive moneys to be paid to H. for such work ; and that in consideration that the plaintiff would provide and deliver to H. such materials as should be required to enable him to do the work, the defendant promised the plaintiff to pay him for them, out of such moneys received by him as should become due to H. for the work, if H. should give him an order for that purpose.   The declaration then averred that H. gave the defendant such order, and that he required certain materials, which the plaintiff provided and delivered to him, to the value of 1,000 pounds, and that that sum became due to H. for the work ; of all of which the defendant had notice, and was requested by the plaintiff to pay him for the materials out of such moneys received by him as were due to H. for the work.   The breach assigned was, that although the defendant had received 1,000 pounds to

be paid and then due to H., and though the said order had not been revoked, the defendant refused to pay the plaintiff. To this declaration a plea was filed that the promise in the declaration mentioned was a special promise to answer for the debt of H., and that there was no memorandum or note thereof in writing. This plea was demurred to, and it was held that the plea was bad, for that the defendant's promise was an original and not a collateral one; Lord Abinger, Chief Baron, holding that " if the defendant contracted not to pay Hill's debt out of his own funds, but only faithfully to apply Hill's funds for that purpose when they should come into his hands, that contract would not be within the operation of the statute." Parke, Baron, held that there was nothing on the face of the declaration to imply a contract by the plaintiff with Hill, and " if that be so, it is clear the defendant's contract was an original, not a collateral one, and so not within the statute. But even if that were otherwise, this is nothing more than prospective assignment of funds which were to come to the defendant's hands for Hill, and an attornment, as it were, by the defendant to that assignment; and the authorities show that in such case, the contract is not within the statute." In this judgment the other barons concurred. We are not aware that this decision has ever been overruled. It seems to us to be good law, and it runs almost all fours with the present case.

In Throop on the Validity of Verbal Agreements, §526 *et seq.*, the question involved in this case is well considered, and the conclusion we have arrived at fully established by the text and authorities cited.

It was argued before us by the able counsel for the plaintiffs in error, that inasmuch as the accounts for the goods sold and delivered to Ferguson & Co. were charged to them on the books of McGhees & Co., and as McGhees & Co. had sued Ferguson & Co. and obtained

judgment for the amount thereof, this made the case fall within the statute of frauds. In this view we do not concur. True, Ferguson & Co. are bound to pay this debt, but that does not render the liability of Ledbetter & Harris to pay the same any less. They are bound upon their agreement. They were in some sense trustees, under the agreement, as to the funds belonging to Ferguson & Co. which came into their hands; and by the direction and consent of Ferguson & Co. should have in good faith applied these funds to the payment of the claim of McGhees & Co. Having failed to do so, they are liable. This was not a promise on the part of Ledbetter & Harris to pay the debt due by Ferguson & Co. to McGhees & Co. out of their own funds; if it were, probably such an agreement would fall within the statute of frauds and could not be enforced; but it was a promise to pay over such of the funds as might come into their hands belonging to Ferguson & Co. to McGhees & Co., as would be sufficient to satisfy the claims of the latter against Ferguson & Co., and having failed to do this they are liable for a breach of their contract; and although Ferguson & Co. may also be liable to McGhees & Co., this does not make the liability of Ledbetter & Harris any less for a breach of their contract.

There are some exceptions taken by the plaintiffs in error to several charges of the court below and refusals to charge as requested; but these exceptions, in the view we take of this case, are immaterial. Inasmuch as there is no exception to the instruction of the court as to the evidence in the case, and the jury having found the facts as we have stated, these exceptions need not be considered. *Judgment affirmed.*