## 52.  SMALL COMPANY *v.* CLAXTON.

1. Against one who, before goods were sold and delivered, guaranteed in writing payment therefor, on the faith of which guaranty the sale was made, a recovery may be had upon a petition setting forth the account, a copy of the contract of guaranty, a refusal to pay the account by the principal debtor, notice by the creditor to the maker of the guaranty, before the goods were sold and delivered, that the same was accepted, and alleging that on the faith of said guaranty the goods represented by the account sued on were sold and delivered as requested in said guaranty.

2. This would be true whether said writing, called a guaranty in the suit, was technically a guaranty, or was a contract of suretyship. In either case there was a valid consideration for said contract; and it would be wholly immaterial, in determining the liability of the party who made the written obligation referred to, whether he did so as guarantor or as surety.

3. Where the terms of a written contract of guaranty, or suretyship, are ambiguous, they will be construed most strongly against the maker of the contract.

4. The contract sued on in this case, under the above rule of construction, was a continuing guaranty, and bound the maker thereof for all goods furnished within a reasonable time, on the faith of said guaranty; and the application by the creditor of payments made by the parties for whose benefit the guaranty was given, did not concern the defendant, the maker of the guaranty, so long as the balance due on the account was for goods sold and delivered within reasonable limits as to time and amount.

Action on guaranty, from Johnson superior court—Judge Faircloth. August 15, 1906.

Submitted January 17,—Decided January 24, 1907.

*A. L. Hatcher,* for plaintiff.   *Daley & Bussey,* for defendant.

HILL, C. J.   The A. B. Small Company brought suit in the city court of Wrightsville against J. B. Claxton, for the sum of $342.30, principal, and interest thereon from Nov. 30, 1904, being the balance due on an account against W. W. and H. J. Claxton, the sons of the defendant; it being alleged that the payment of said account was guaranteed in writing by the defendant.   A copy of the said guaranty is attached to the petition, and is as follows:   ·

"Kite, Ga., 5/30, 1904.
"The A. B. Small Co., Macon, Ga.             .

Gentlemen:—My sons may need some help through the summer, and I ask you to show them all the favors you can, and I will see that you get pay for anything you may sell them.   Thanking you for your many past favors to them, and assuring you of my appreciation of same, I remain,     Yours truly,     J. B. Claxton."

It was alleged by the plaintiff that "said guaranty was made and accepted, and notice thereof given defendant, before goods were sold and delivered to the said W. W. and H. J. Claxton; and, on the faith of this guaranty, plaintiff sold and delivered to W. W. and H. J. Claxton goods to the amount of $1,985.70, on which they paid the sum of $1,643.40, leaving a balance of $342.30, which they, the said W. W. and H. J. Claxton, refused to pay, though often requested so to do.   The copy of the account is attached to and made a part of the petition."   The defendant filed a demurrer to the plaintiff's petition, on the following grounds:   (1) Because there was no cause of action set forth.   (2) If plaintiff has a cause of action, his petition is too uncertain, vague, and indefinite to support any recovery.   (3) Because the exhibits attached to the petition do not support the claim or any cause of action against this defendant.   (4) Because said alleged guaranty shows that it was limited to merchandise to be furnished during the summer of 1904, and the account attached shows that payment was duly made by W. W. and H. J. Claxton of all such furnished them by plaintiff during the summer of 1904.   (5) Because the account attached shows that the alleged balance due is the individual debt of W. W. and H. J. Claxton for goods furnished in the fall of 1904, for which this defendant, J. B. Claxton, is not liable.   (6) Because said alleged letter of guaranty is not supported by any considera-

tion, is a nude pact, and is insufficient in law to be the basis of an action by plaintiff against the defendant. The court sustained the demurrer and dismissed the plaintiff's petition, to which ruling, plaintiff excepted and assigned the same as error.

1. In deciding the question made by the petition and the demurrer, we might well content ourselves with citing the decision of the Supreme Court in the case of *Sims* v. *Clark,* 91 *Ga.* 302. In this case the court, Chief Justice Bleckley rendering the decision, held that a recovery might be had upon a declaration in form similar to the one in the instant case, and based upon a contract of guaranty in writing, almost exactly similar in its terms to the one now under consideration. And we content ourselves with this binding authority, in holding that the declaration and exhibits make a sufficient cause of action. We will, however, notice more specifically the grounds of the demurrer, for the purpose of showing that none of them are well taken or should have been sustained by the court.

2. It is claimed that said letter of guaranty is without any consideration, is nudum pactum, and insufficient in law to be the basis of an action. In the case of *Baldwin* v. *Hiers,* 73 *Ga.* 739, the court said, "Where one, whose son desired to purchase certain goods, agreed with the owner that if he would let the son have such goods, he (the father) would see the debt paid, or would pay it, this was an original and not a collateral undertaking; and being founded on a sufficient consideration, is good and binding on the promisor." The exact point in this case was as to the statute of frauds, but we cite it for the purpose of showing that an agreement made by the father with the plaintiff to furnish to his son certain goods, and he would pay for them, was founded on a sufficient consideration, and was binding on the promisor. It can not be doubted that there is sufficient consideration to support a written contract or agreement to pay the debt of another, if, acting on the faith of such agreement or contract, the party with whom it was made parted with his property. This is within the definition of a valid consideration, contained in the Civil Code, § 3657. *Bluthenthal* v. *Moore,* 106 *Ga.* 424; *Ledbetter* v. *McGhees,* 84 *Ga.* 227.

The learned counsel for the defendant in error insists that the letter of the defendant sued on as a "guaranty" is not a guaranty, under the law, but is a contract of suretyship, and that the defendant can not be sued alone thereon. In the case of *Manry* v.

*Waxelbaum,* 108 *Ga.* 14, Justice Cobb, in rendering the decision of the court, said: "It is contended that the contract sued on in this case is one of suretyship and not of guaranty. The two terms are frequently used interchangeably, and for this reason a great confusion has arisen in the books as to the proper distinction to be drawn between them. A guarantor is a surety in the sense that he obligates himself to pay the debt of another, but at the same time there is a very clear distinction between them. One difference is pointed out by our code. It says that a contract of suretyship 'differs from a guaranty in this, that the consideration in the latter is a benefit flowing to the guarantor.'" Judge Bleckley in the case of *Wright* v. *Shorter,* 56 *Ga.* 76, classifies guarantors as follows: "Guarantors, viewed in reference to the consideration of their contract, are either mere sureties or more than sureties. They are mere sureties when the *consideration* of the guaranty moves, not to them, but to the person for whose performance they become bound. They are more than sureties when the *consideration* is a benefit flowing to themselves. . . Regarded in reference to the *substance* of their contract, they undertake either for the collectibility, or for the payment of the given debt." Considering these excerpts from the opinions of these two able jurists, we are led to the conclusion, that while there is a distinction between these two classes of contracts, it is a distinction without a very substantial difference, in so far as liability is concerned. It makes no sort of difference whether the consideration of the contract is a benefit flowing to the maker, to the third party for whose benefit the contract was made, or results in an injury to the promisee. In either event the *substance* of the contract is the same, and the maker thereof undertakes to pay the debt if it is not paid by the party for whose benefit the contract was made, whether it be a guaranty or a suretyship. The contract in this case, following the distinctions above given, seems to combine some of the elements of suretyship, and some of guaranty. It is entirely separate from the obligation of the principal debtors who bought the goods from the plaintiff, but it was made for a consideration flowing, not to the maker, but to the parties for whose benefit the contract was made. It is perfectly clear that the maker would be bound in either case, if the other allegations in the petition of the plaintiff are proved. *Sims* v. *Clark,* 91 *Ga.* 302. We

have little sympathy with artificial distinctions between principles of law which present no substantial difference as to matters of right and justice, which tend to confuse rather than to enlighten, and to furnish loopholes for technical escapes from contract obligations. The important question in the case now under consideration is whether the writing is a valid written obligation, it being wholly immaterial, in determining this question, whether the maker of the obligation is bound as surety or guarantor.

It is contended that if the contract is one of suretyship, the suit should have been dismissed, because it was against the surety alone. Where the contract is a joint obligation, the makers must be sued together; where the contract is joint and several, or joint or several, they may be sued in the same action and judgment may be entered up against both, or they may be sued separately. In the present case the defendant sued is the only party to the contract.

3, 4. It is said, in behalf of the defendant, that the alleged guaranty shows that it was limited to merchandise to be furnished during the summer of 1904, and the account, attached as an exhibit to the petition, shows that payments had been made by the parties for whose benefit the contract was made, for all goods furnished them by the plaintiff during the summer of 1904, and that the balance of the account sued for is the individual debt of said third parties for goods furnished to them in the fall of 1904, for which the defendant is not liable by the terms of his contract. There seems to be an ambiguity on this point in the contract. In the first part the credit asked for in the contract appears to be limited to "help through the summer," but the promise is, "I will see that you get pay for anything you may sell them." Bearing in mind the well-known rule of construction, that where contracts are ambiguous they should be construed most strongly against the person who prepared the instrument, we hold that the contract in question is sufficient to cover anything that might be sold by the plaintiff on the faith of the contract, within a reasonable time, and within reasonable amounts, and that the contract is a continuing guaranty, within the limits mentioned. *Hargroves* v. *Cooke,* 15 *Ga.* 324; *McBurney* v. *McIntyre,* 38 *Ga.* 261. We therefore hold that the court below erred in sustaining the demurrer filed by the defendant to the plaintiff's action, and in dismissing the suit.                                    *Judgment reversed.*