## CALHOUN *et al. v.* LEMON.

No. 13579. MAY 16, 1941.

*Powell, Goldstein, Frazer & Murphy* and *James K. Rankin,* for plaintiffs in error. *Virlyn B. Moore Jr.,* contra.

JENKINS, Justice. Lemon leased from Outdoor Advertising Company a filling-station site in Atlanta. He thereafter leased the property to Gulf Oil Corporation, which installed its pumps and other equipment for the sale of its petroleum products. Subsequently the Gulf Oil Corporation leased the premises back to Lemon. There was a separate contract between Lemon and the Gulf Oil Corporation, whereby its *equipment* could not be used for products other than its own. There was no provision in any of the instruments between Lemon and the Gulf Oil Corporation which required the sale of its products exclusively. Afterwards Lemon sold his lease and the petroleum products in stock to Calhoun and Fields, who later sold their interest and products to C. D. McCord and J. L. McCord. The sale contract from Lemon to Calhoun and Fields provided that the purchasers "agree to handle Gulf products during the duration of [Lemon's] lease, which ends June 15, 1941." It made no reference to any previously existing contract between Lemon and the Gulf Oil Corporation; but provided that he "has the right to sell said lease and transfer all his rights and privileges

that he now has with the Outdoor Advertising Company." Lemon brought this petition to enjoin Calhoun, Fields, and the McCords from selling any products other than those of the Gulf Oil Corporation. It was alleged that the McCords were preparing to install their equipment for the sale of their own products; but it was not alleged that the equipment of the Gulf Oil Corporation had been or was to be removed. On the contrary, the evidence was undisputed that the present operators of the filling-station had continued and expected to continue to sell the Gulf products with their own.

While, as recited in the bill of exceptions, the court held, and held correctly, that the contract was unambiguous, and was therefore controlling and could not be varied by parol testimony, the court erred in holding that the quoted provision required the purchasers not only to handle the products of the Gulf Oil Corporation, but prohibited them from handling any other products. The present owners of the lease not being limited in free and unrestrained trade unless by some restrictive provision embodied in the contract, and the contract failing to embody any such restriction, but merely providing for the continuous sale of the products of the Gulf Oil Corporation, that which the contract does not provide will not be read therein by unnecessary implication.

(a) Even if the quoted provision could be taken as ambiguous, it would be construed strictly against the plaintiff seller, since it appears without dispute that the provision was inserted by him and for his benefit. *Hill* v. *John P. King Mfg. Co.,* 79 *Ga.* 105 (4) (3 S. E. 445); *Wilcox* v. *Owens,* 64 *Ga.* 601 (2), 603; 17 C. J. S. 751-753, § 324, and cit.

(b) Nor could the general rule that the consideration of a contract, stated merely by way of recital, may ordinarily be inquired into, be given application so as to permit a variance by parol of the terms of the contract, under the guise of inquiring into the consideration, where, as here, the provision in question is not merely a recital of the consideration, but is set forth as a part of the terms and conditions of the agreement itself. See *Wellmaker* v. *Wheatley,* 123 *Ga.* 201 (2), 203 (51 S. E. 436); *Burke* v. *Napier,* 106 *Ga.* 327, 329 (32 S. E. 134); *Brousseau* v. *Jacobs Pharmacy Co.,* 147 *Ga.* 185, 189 (93 S. E. 293); *Ramsey-Fender Motor Co.* v. *Chapman,* 46 *Ga. App.* 385 (168 S. E. 92).

(c) The rights of the parties under the contract in dispute must

be determined by a construction of that agreement. Whatever might have been any previous parol agreement or understanding between the plaintiff seller and the Gulf Oil Corporation, which is not a party to this litigation, and which alleged agreement is not referred to in the contract here involved, would have no bearing upon a proper interpretation of this contract between the parties in the instant case.

(d) The ruling in *Asa G. Candler Inc.* v. *Georgia Theater Co.*, 148 *Ga.* 188 (1, 3), 190 (96 S. E. 226, L. R. A. 1918F, 389), is not in conflict with the holdings here made. The *Candler* case involved a restrictive covenant as to the use of premises the ownership of which, subject to the lease, the lessor retained. The present case involves no restrictive covenant, but a collateral undertaking merely as to the continued sale of products of a certain corporation; and the seller retained no ownership in the premises.

■ Under the preceding holdings, it was error to construe the written contract involved in this case as requiring the defendants to handle the products of the named corporation exclusively, and under such construction to grant an interlocutory injunction.

*Judgment reversed. All the Justices concur.*