## 34103. GILL v. FEDERAL LIFE & CASUALTY COMPANY.

Decided July 3, 1952.

*Walter L. & Robert L. Mitchell,* for plaintiff in error.

*Poole, Pearce & Hall,* contra.

SUTTON, C.J.   Corene Gill, as beneficiary, sued Federal Life & Casualty Company in the Superior Court of Fulton County on a policy of insurance issued to Ossie Byers, a copy of which was attached to the petition and made a part thereof.   It is alleged in paragraph 3 of the petition that, on or about December 2, 1951, the insured Ossie Byers died suddenly of natural causes brought about by old age; and in paragraph 7 it is alleged that "Petitioner shows that the defendant is indebted to her as beneficiary for the death of the deceased, Ossie Byers, alias Byouse, as provided in the terms of the policy in the amount of $640, computed as follows: The amount of $400 as the principal sum due in the event· of death of the insured under the terms of part 1 of the policy, and an additional amount of $240 as provided in part 3 of the policy."

The pertinent parts of the policy for a consideration of this case are as follows: The caption: "This policy provides indemnity for loss of life, limb, sight or time by accidental means, and for loss of time, by illness, as herein limited and provided."

The insuring clause: "This policy insures against—(1) the effects resulting directly and exclusively of all other causes, from bodily injury sustained during the life of this policy solely through external, violent and accidental means (excluding suicide, sane or insane), said bodily injury so sustained being hereinafter referred to as 'such injury', and (2) disability resulting from illness which is contracted and begins during the life of this policy and after it has been maintained in continuous force for thirty days from its date, hereinafter referred to as 'such illness', as follows:

"Part I.—Principal Sum and Monthly Indemnities.   Principal

Sum, Four Hundred & 00/100 Dollars. Monthly Accident Indemnity, Forty & 00/100 Dollars. Monthly Illness Indemnity, Forty & 00/100 Dollars.

"Part II.—Accident Insurance—Specific Losses. If 'such injury' alone shall, *within ninety days from the time of the accident*, result in any one of the following specific losses the Company will pay, in lieu of all other indemnity, the sum specified below for such loss, provided that not more than one such indemnity shall be payable as the result of any one accident. For Loss of Life—The Principal Sum. For Loss of Both Eyes—The Principal Sum, etc.

"Part III.—Sixty Per Cent. Accumulations. For each consecutive month immediately preceding the date of accident that this policy shall have been maintained in continuous force without default by payment of the premium on or before the *first day* of each month when due, one per cent. of the original Principal Sum of this policy shall be added to the indemnity provided in Part I, for loss of life, but the total of such additions shall never exceed sixty per cent. of such original Principal Sum."

Question and answer number 7 in the application for insurance attached to and made a part of the policy: "In case of death by accident, my beneficiary shall be (Full Name) Corene Gill, etc."

The defendant demurred to the petition on the ground that it did not set out a cause of action against the defendant. The court sustained the general demurrer and dismissed the petition, and the plaintiff excepted.

■ The question for determination is whether the policy sued on covers loss of life from natural causes, it being alleged in the petition that the insured died from natural causes brought about by old age. The plaintiff in error contends that the policy is ambiguous, and that it should be construed to cover death from natural causes under the decision in *Fokes* v. *Interstate Life &c. Ins. Co.*, 59 *Ga. App.* 680 (2 S. E. 2d, 170). That case will be referred to later herein. The defendant in error contends that the policy of insurance is unambiguous and that it covers loss of life, limb, sight or time by accidental means and loss of time by illness, as plainly stated in the policy, but that it does not cover loss of life from natural causes.

While it is well-settled law that a policy of insurance will be liberally construed in favor of the object to be accomplished, and, if the policy is reasonably susceptible to more than one construction, the interpretation favorable to the insured should be given effect, and, if inconsistent clauses appear in the body of the policy, the one most favorable to the insured will be adopted, and, where the contract is ambiguous, the doubt should be resolved in favor of the insured; still a contract of insurance should receive a reasonable construction, and, where inconsistencies or ambiguities are not contained therein, these cannot be read into the contract by a court for the purpose of construing it. "Courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insurer, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract." *Aetna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666, 669 (176 S. E. 702).

"The contract of insurance should be construed so as to carry out the true intention of the parties," (Code, § 56-815); and, where the meaning is plain and obvious the contract should be so construed as literally provided therein. *Daniel* v. *Jefferson Standard Life Ins. Co.,* 52 *Ga. App.* 620 (2) (184 S. E. 366). An examination of the different provisions of the policy here sued on shows that it is a policy covering death or disability from accident and loss of time from illness, and that it does not cover death from natural causes, as contended by the plaintiff in error. The language used in the insuring clause in the *Fokes* case, to wit, "and against loss resulting directly and independently of all other causes from disease or illness which is contracted and begins during the life of this policy," etc., is different from that used in the policy here sued on. The court, in the *Fokes* case, said that the word "loss" in the clause just quoted "would mean death or disability resulting from such disease or illness." The corresponding language used in the insuring clause of the policy now before us is, "disability resulting from illness which is contracted and begins during the life of this policy," etc. The word "disability" as here used cannot reasonably or correctly be construed to mean death resulting from illness.

■ It follows that the petition failed to set out a cause of

action, it being alleged that the death of the insured was due to natural causes, and the trial judge did not err in sustaining the defendant's general demurrer and in dismissing the petition.

*Judgment affirmed.   Felton and Worrill, JJ., concur.*