37946. JENKINS, Executor *v.* MORGAN.

DECIDED OCTOBER 27, 1959.

562

*Bouhan, Lawrence, Williams, Levy & McAlpin, John J. Bouhan, H. M. Hodges,* for plaintiff in error.

*C. L. Cowart, John W. Underwood,* contra.

QUILLIAN, Judge. ■ Parties may stipulate for other legal principles to govern their contractual relationship than those prescribed by law; however, these must be expressly stated in the contract. The parties will be presumed to contract under the existing laws, and no intent will be implied to the contrary unless so provided by terms of their agreement.

All liquidated obligations bear interest from the date of maturity as provided by law. Code § 57-110. See *Morgan* v. *Colt Co.,* 34 *Ga. App.* 630 (130 S. E. 600). As the note was prepared by the defendant in error, it will be strictly construed as to him. *Calhoun* v. *Lemon,* 192 *Ga.* 186 (14 S. E. 2d 710); *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977); *Moorefield* v. *Fidelity Mut. Life Ins. Co.,* 135 *Ga.* 186, 187 (2) (69 S. E. 119).

It is clear that the note provided that no interest would accrue on the principal amount before the due date, but as to interest after the date of maturity, the contract is silent. When the obligation matures the holder has a right to payment. Upon

default by the obligor, the holder is entitled to interest at the legal rate as provided by law.

■ A maker of a note may avoid the payment of attorney's fees provided in such note by a tender of the principal and interest due before return day. The defendant in error did not attempt to tender the entire amount. There is an admitted balance unpaid on the note and the holder is entitled to attorney's fees. The question is controlled by *Smith* v. *Pilcher*, 130 *Ga.* 350 (3) (60 S. E. 1000) and the reasons given therein.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*