38946, 38951. MACON AUTO AUCTION, INC. v.
GEORGIA CASUALTY & SURETY COMPANY; and
*vice versa.*

246

DECIDED JULY 11; 1961—REHEARING DENIED JULY 27, 1961.

248

*Martin, Snow, Grant & Napier, T. Baldwin Martin*, for plaintiff in error.

*Sell & Comer, John D. Comer*, contra.

EBERHARDT, Judge. ■ Plaintiff in error on the main bill, hereinafter referred to as plaintiff, urges as error the granting of part of the defendant in error's (hereinafter referred to as defendant) motion for summary judgment relating to two of the May 27 checks [Sumner ($2,060) and Pilcher ($2,020)]. A ruling on this point involves a construction of the applicable portions of the "Automobile Dealer's Title and Fraudulent Instrument Coverage" policy issued by the defendant.

Although the coverage is part of a relatively new type policy evolved to meet a specific need of the modern business world, this factor does not alter the well-settled rules that: (1) Where a contract is ambiguous or the construction doubtful, it is to be construed most strongly against the maker or drawer. *Small Co. v. Claxton*, 1 Ga. App. 83 (57 SE 977); *Jenkins v. Morgan*, 100 Ga. App. 561 (112 SE2d 23); (2) The provisions of a policy of insurance will be strictly construed against the insurer. *Continental Life Ins. Co. v. Wells*, 38 Ga. App. 99 (142 SE 900); *Penn Mut. Life Ins. Co. v. Milton*, 160 Ga. 168 (127 SE 140, 40 ALR 1382); *Johnson v. U. S. Fidelity &c. Co.*, 93 Ga. App. 336 (91 SE2d 779); and (3) Where a policy of insurance is reasonably susceptible of more than one construction, the interpretation most favorable to the insured will be given effect, resolving all ambiguities against the insurer. *Aetna Life Ins. Co. v. Padgett*, 49 Ga. App. 666 (176 SE 702); *Gill v. Federal Life &c. Co.*, 86 Ga. App. 455 (71 SE2d 683).

Let us now turn to an examination of the policy in dispute and the factual situation in the case at bar. The coverage paragraph of the policy, stripped of those portions immaterial here, is as follows: "We the company hereby agreed to indemnify the insured against pecuniary loss sustained owing to acceptance or encashment of . . . checks, drafts or instruments given by the purchasing . . . dealer authorized to transact business by the assured, issued, endorsed or guaranteed by the assured. . . Coverage is also extended to checks, drafts or instruments given on insufficient funds. . ."

This coverage provided, in all mentioned events, indemnification against "pecuniary loss" to the assured. There is no question here that the plaintiff sustained a "pecuniary loss,"

and sustained that loss as a result of "instruments given on insufficient funds." Furthermore, there is no dispute for the purposes of this review that Fincher was authorized to "transact business" or that the assured plaintiff "guaranteed" the checks involved. The only remaining question is whether or not plaintiff's "pecuniary loss" was "sustained owing to acceptance" of the checks of May 27.

No definition of the words "owing to" appears in the policy and there is no specification other than set out above as to how the "pecuniary loss" must occur in order to be covered by the policy. If the phrase "sustained owing to acceptance" is ambiguous, as we think it is, then, in accordance with the rules set out above, it should be given the construction most favorable to the insured. *Aetna Life Ins. Co. v. Padgett*, 49 Ga. App. 666, supra.

Such a construction requires a holding that the "pecuniary loss" of plaintiff was sustained *as a result* of the checks of May 27. This interpretation is also in accord with the evident purpose of the parties in entering this contract of insurance, the loss being the very type hazard insured against. The defendant was liable on the two checks of May 27 [Sumner ($2,060) and Pilcher ($2,020)] and, therefore, the motion for summary judgment as to these two checks was improvidently granted and should be reversed.

■ Plaintiff also excepts to the overruling of his demurrers to defendant's plea in bar. Demurrers 1 through 4 are general demurrers to the plea in bar as a whole and to each of three paragraphs thereof. The remaining demurrers attack certain paragraphs of the plea specially on various grounds.

The policy has a provision that: "Upon discovery by the assured of any fact or circumstances indicating a probable loss hereunder, the assured shall as soon as possible after the discovery, notify the company, giving all details then known to the assured. The assured shall within 60 days after such discovery file with the company a proof of claim sworn to by the assured, and shall also file the instrument which is the basis of such claim."

In its plea in bar defendant sets out that plaintiff acquired

knowledge on June 4, 1959, that the checks of May 27 would be dishonored but failed to give notice of that fact to defendant until June 30, that no sworn proof of loss was filed until March 22, 1960, thus beyond the sixty-day period within which it was required to be filed by the terms of the policy, and that the instruments which form the basis of the claim, having been surrendered to Fincher, were never filed—and that the performance of its obligation with respect to each of those matters was a condition precedent to the right of plaintiff to bring the action. A reading of the policy will disclose that it was not so provided therein, while in another portion it was provided that "it is a condition precedent to liability hereunder that the sale be reported" to the defendant or a named agency prior to the time a loss is discovered in respect to that sale. (Timely report of the sales involved is conceded to have been made.)

Since this one policy provision was made a condition precedent by the terms of the policy itself, we must conclude that all others were not such. *Expressio unius est exclusio alterius.* And see *Atlanta Street R. Co. v. City of Atlanta*, 66 Ga. 104, 108. And if other provisions were not conditions precedent, as contended in the plea, the general demurrers thereto should have been sustained. This ruling, together with our conclusion that the grant of the motion for summary judgment was error, renders unnecessary any disposition of the overruling of the special demurrers to the plea in bar.

■ The defendant seeks review by cross-bill of exception of the ruling of the trial court in denying a portion of its motion for summary judgment and to the sustaining of certain demurrers to its plea in bar. Plaintiff has filed a motion to dismiss the cross-bill in this court.

Section 8 of the Summary Judgment Act of 1959 (Ga. L. 1959, p. 236; *Code Ann.* § 110-1208) provides: "An order granting summary judgment on any issue or as to any party shall be reviewable by direct bill of exceptions, but an order denying summary judgment shall not be subject to review."

Defendant is cognizant of this statute and concedes that, standing alone, these rulings would not be subject to review by this court. But the defendant contends that it has the right

to review where, as here, a portion of a motion granting summary judgment is brought up by bill of exceptions. This contention is based on *Code* § 6-701, as amended (Ga. L. 1957, pp. 229-232).

In the face of the clear prohibition in the Summary Judgment Act set out above, defendant's contention must fail, and the cross-bill of exceptions is hereby dismissed.

*Judgment reversed on the main bill. Cross-bill dismissed. Carlisle, P. J., and Nichols, J., concur.*