### 39776.   KEY LIFE INSURANCE COMPANY v. HODGES et al.

DECIDED OCTOBER 9, 1962.

*Dukes & McMillan, M. W. Dukes, Irwin L. Evans,* for plaintiff in error.

*Thomas A. Hutcheson,* contra.

NICHOLS, Presiding Judge. 1. The only argument presented as to the ruling upon demurrers to the first count of the plaintiffs' petition is a statement that it insists that the trial court erred in overruling each of such demurrers. "This does not amount to an argument, and the assignment of error in so far as the ruling on the demurrer is concerned will be treated as abandoned. See *Bell v. Bell,* 210 Ga. 295 (79 SE2d 524)." *Wood v. Pool,* 211 Ga. 789 (3) (89 SE2d 192). Accordingly, as to such count of the petition, it is the established law of the case that if the plaintiffs proved their case as laid they are entitled to recover. See *Cloud v. Stewart,* 92 Ga. App. 247, 249 (88 SE2d 323); *McKool v. Naddra,* 100 Ga. App. 171 (110 SE2d 409).

2. The defendant offered no evidence on the trial of the case and, except for the issue of whether the premiums had been paid so that the policy was in force, makes no issue as to whether the allegations of the petition were supported by the plaintiffs' evidence. Therefore, the real question for decision as to the first count of the plaintiffs' petition is whether the evidence showed that the policy was in force at the time of the death of Andrew Jackson Edwards.

"(1) Where a contract is ambiguous or the construction doubtful, it is to be construed most strongly against the maker or drawer. *Small Co. v. Claxton,* 1 Ga. App. 83 (57 SE 977); *Jenkins v. Morgan,* 100 Ga. App. 561 (112 SE2d 23); (2) The provisions of a policy of insurance will be strictly construed against the insurer. *Continental Life Ins. Co. v. Wells,* 38 Ga. App. 99 (142 SE 900); *Penn Mutual Life Ins. Co. v. Milton,* 160 Ga. 168 (127 SE 140, 40 ALR 1382); *Johnson v. U. S. Fidelity &c. Co.,* 93 Ga. App. 336 (91 SE2d 779); and (3) Where a policy of insurance is reasonably susceptible of more than one construction, the interpretation most favorable to the insured will be given effect, resolving all ambiguities against the insurer. *Aetna Life Ins. Co. v. Padgett,* 49 Ga. App. 666 (176 SE 702); *Gill v. Federal Life &c. Co.,* 86 Ga. App. 455 (71 SE2d 683)." *Macon Auto Auction v. Georgia Cas. &c. Co.,* 104 Ga. App. 245, 249 (121 SE2d 400).

The policy called for a premium of 2.8 percent of the employer's total payroll plus a fixed amount ($5.00 every four weeks), for coverage of the employer on a twenty-four hour basis, and while the insurer billed the employer for a fixed amount each premium paying period the amount due was not based on such amount but was based on the percentage figure. The policy provided that it would lapse for nonpayment of premiums and at the same time provided: "The required premium is based on a percentage of the total payroll of the employer and therefore the deposit in advance is based on an estimated payroll. On each policy anniversary the actual payroll of the employer shall be compared to the estimated payroll and thereby a determination of the actual premiums paid and the premiums required hereon for the preceding policy year, and a settlement thereon between

the employer and the company shall be made at said time. The anniversaries of this policy shall be construed to be the 5th day of October in each year."

The evidence showed without dispute that the employer had paid the estimated premiums each premium paying period since the policy was issued with two exceptions. Once the employer made an overpayment by paying one premium twice, and once, at a time when the employer closed down his business no payments were made. After the initial deposit, with three exceptions when the payments were made on regular checks, all payments were made on check or draft forms furnished by the insurer and which showed the due date of the estimated premiums as well as the actual date on which it was paid. When the extra payment was made it was a duplicate payment and the form showed the same "due date" as the regular payment. On subsequent forms used to make the estimated premium payments no credit was given for the extra payment and at the time of Edwards' death no credit had been given for such payment. While the evidence showed that the employer stopped making payments at one time his undisputed testimony that during such time he had shut down his business and had no employees demanded a finding that no premiums were due during such period, and that at the time of the employee's death the insurer owed the employer credit for the extra payment and, when such credit is given, the verdict directed by the trial court as to count 1 of the plaintiffs' petition was demanded by the evidence. The trial court did not err in overruling the defendant's motion for nonsuit and in granting the plaintiffs' motion for a directed verdict as to count 1 of the petition. The verdict for the plaintiffs on the first count of the petition being demanded, the assignments of error as to the second count are moot and will not be passed upon.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*