41598.   FRIEND et al. v. BANK OF EASTMAN.

Deen, Judge.   1.   *Code Ann.* § 57-116 provides that money may be "paid back in monthly, quarterly, or yearly installments [with] . . . interest thereon at six per cent. per annum or less for the entire period of the loan, aggregating the principal and interest for the entire period of the loan, and dividing the same into monthly, quarterly, or yearly installments." It is contended that the note here sued upon is infected with usury because it is the last of a series of renewal notes, one of which was in the amount of $1,976.50, including $1,864.62 plus $111.88 representing 12 months interest at 6%, repayable in eleven monthly installments of $100 and a final installment of $876. Since the monthly installments are not equal, it is argued that *Code Ann.* § 57-116 cannot be used to justify what would otherwise be usurious interest since it is more than 8%, using the declining balance method of figuring. It is probable that the court would agree if the "balloon" or

larger installment occurred toward the beginning of the series of payments. Where, however, the monthly payments are unequal but the larger payment occurs at the end of the series the amount of interest paid over the time the money is actually used (which is the test in the declining balance method of figuring interest) is less than it would otherwise be. For example, if the $1,864.62 were repaid in equal monthly installments of $100, then it would take 21 months to pay out the amount and the total interest at the 6% added in rate would be $186.47 of which $74.59 would have been spent for the use of the unrepaid portion of $876 over an additional 8-month period. Since the amount of interest proportionate to the time of use is less than that authorized by *Code Ann.* § 57-116, the practice is not usurious.

2. The note here sued upon was in the sum of $1,080, comprised of $1,000 principal and $80 interest, repayable in 12 equal monthly installments of $90 each. Since this is a usurious transaction under *Code* § 57-112, the trial court properly disallowed interest in the sum of $80 from the amount recoverable.

3. No error is assigned on the ground that the defendants were forced to trial before a full compliance by the plaintiff with their notice to produce records showing prior transactions between the parties. The defendants failed to show that the transactions were usurious, with the exception noted above. "Affidavits are not essential prerequisites to the granting of summary judgment where the pleadings disclose no genuine issue as to any material fact." *Dillard v. Brannan,* 217 Ga. 179 (3) (121 SE2d 768). A motion for summary judgment may be granted for less than the total amount sued for where there is no material issue of fact as to such amount. *Code Ann.* § 110-1208; *Macon Auto Auction v. Georgia Cas. &c. Co.,* 104 Ga. App. 245 (3) (121 SE2d 400).

The trial court properly granted the plaintiff's motion for summary judgment for the unpaid balance of the note on which it sued after deducting the usurious interest sought to be charged.

*Judgment affirmed. Felton, C. J., and Jordan, J., concur.*

ARGUED NOVEMBER 1, 1965—DECIDED NOVEMBER 5, 1965— REHEARING DENIED NOVEMBER 29, 1965.

*Marvin P. Nodvin,* for appellants.
*William W. Daniel,* for appellee.