**DECATUR COCA-COLA BOTTLING CO.,**
Inc., Plaintiff,

v.

**VARIETY VENDING CORPORATION**
and National Uni-Pac, Inc.,
Defendants.

Civ. A. No. 10872.

United States District Court
N. D. Georgia,
Atlanta Division.

July 17, 1967.

B. Harvey Hill, Jr., Alston, Miller & Gaines, Atlanta, Ga., for plaintiff.

W. Rhett Tanner, Hansell, Post, Brandon & Dorsey, Atlanta, Ga., for defendants.

## ORDER OF COURT

EDENFIELD, District Judge.

This is a diversity case arising under the Georgia version of the Uniform Commercial Code. In Count I of the complaint the plaintiff vendor, holding a note and security agreement, sues his vendee for the price of certain goods. In Count II he also seeks a judgment against a second defendant who "guaranteed" the debt. A motion to dismiss has been filed by the second defendant on the ground that, under Georgia law, a guarantor, unlike a surety, cannot be joined in a suit against the principal and, indeed, cannot be sued at all

"* * * in the absence of a prior judgment against the principal and a *nulla bona* return, unless it is alleged and proved that the principal debtor is insolvent or that he can not be made to respond to a judgment that may be obtained against him by the plaintiff," citing Bradley v. Swift & Co., 93 Ga. App. 842, 858, 93 S.E.2d 364, 374.

Responding to the motion, the plaintiff contends, inter alia, that the contract in question allows a joint suit and thus *Bradley* is not applicable.

Thus, what movant seeks to raise is the age-old question whether the contract was one of suretyship or guaranty, a problem which has plagued Georgia courts for generations. See Green, The

Distinction Between Guaranty and Suretyship in Georgia, 9 Ga.Bar Journal 273, in which the author points out the chimerical character of the distinction between the two contracts and suggests that it be abolished.

■ In the area of Commercial Code transactions the court is inclined to believe the abolition of the distinction may now have been accomplished, at least for certain purposes in certain areas. Here, for example, what was really guaranteed was the payment of an installment note; and in this connection, Georgia Code, § 109A-3-416 (Commercial Paper) first distinguishes between the meaning of the words "payment guaranteed" and "collection guaranteed", saying that the former means that the signer

"* * * engages that if the instrument is not paid when due he will pay it according to its tenor *without resort by the holder to any other party*" (emphasis supplied),

whereas "collection guaranteed" means that the signer will pay

"* * * only after the holder has reduced his claim against the maker or acceptor to judgment and execution has been returned unsatisfied, or after the maker or acceptor has become insolvent or it is otherwise apparent that it is useless to proceed against him."

Subsection (3) of the same section provides that

"words of guaranty which do not otherwise specify guarantee payment." [1]

Both from these provisions and from the language of the guaranty here involved, it is clear that what was guaranteed was payment, not solvency, (see Small Company v. Claxton, 1 Ga.App. 83, 57 S.E. 977) and that the second defendant may properly be joined in the suit without the necessity of the plaintiff first obtaining a judgment against the principal debtor.

■ If the court otherwise had any doubts on this score, they would be dispelled by Rule 20 of the Federal Rules, relating to joinder of parties, and particularly by Rule 18(b), which provides that

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties."

■ Finally, the motion would have to be denied even under Georgia law and irrespective of the Federal Rules and the Commercial Code. Thus, while it is true that under Georgia law (apart from the Commercial Code) a guarantor, unlike a surety, is not liable until it appears that the debt is uncollectible from the primary debtor (Bradley v. Swift & Co., supra), still the test of which relationship is involved depends upon the existence or nonexistence of a separate consideration flowing to the guarantor. Georgia Code § 103-101. Here, the contract is ambiguous as to the consideration. In fact it recites two considerations, one flowing to the principal debtor and one to the guarantor itself. It also expressly authorizes a joint suit which would seem to suggest that a contract of suretyship was intended.

In the light of these ambiguities and particularly in the light of Georgia Code § 103-306, which allows proof of suretyship by parol, we think that, independently of the Commercial Code, plaintiff should be allowed to present such proof as it may have that there was no independent consideration for the contract and/or that the second defendant is a surety, not a guarantor, and therefore subject to suit along with the primary debtor.

For all of these reasons, the motion to dismiss filed by National Uni-Pac, Inc. is hereby denied.

---

[1] See also Georgia Code § 109A-1-201(40), which says that "surety includes guarantor".